IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12–31–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHRISOPHER ANTHONY QUINN, | |
| Defendant. | |

Before the Court is Defendant Christopher Anthony Quinn's unopposed motion for early termination of supervised release. (Doc. 46.) The United States defers to the recommendations of the United States Probation Office and the Court's discretion. (*Id.* at 2.) The United States Probation Office supports the request. (*Id.*) For the reasons below, the Court grants the motion.

## Background

On June 12, 2013, Quinn was sentenced for distribution of child pornography, in violation of 18 U.S.C. § 2252A(1)(2). (Doc. 34.) The Court sentenced Quinn to 72 months of imprisonment, followed by 15 years of supervised release. (*Id.* at 2–3.) Quinn began serving his term of supervision in September 2018. (Doc. 46 at 2.)

1

**Discussion**

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B),
> (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a
> term of supervised release and discharge the defendant released at any
> time after the expiration of one year of supervised release, pursuant to
> the provisions of the Federal Rules of Criminal Procedure relating to
> the modification of probation, [1] if it is satisfied that such action is
> warranted by the conduct of the defendant released and the interest of
> justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Quinn has served six years of his 15-year term of supervised release, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Payne's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Payne waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Payne's supervised release is obviously favorable to him and the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Quinn's remaining term of supervised release. After he was released from custody, Quinn enrolled in sex offender treatment with Andy Hudak, meeting with Mr. Hudak twice a month for six years. (Doc. 46 at 2–3.) Quinn completed sex offender treatment in June of 2024. (*Id.* at 3.) Quinn has been compliant with his supervised release. (*Id.*) Quinn works full-time for Cool Creek Properties, LLC. (*Id.* at 3.) His employers describe him as indispensable, reliable, and honest. (*Id.* at 3–4.) Quinn is also an active member of his community where he serves at the Yaak Community Church and the Yaak Food Cupboard. (*Id.* at 3.) The Court is impressed with Quinn's success and believes that he can be a productive member of society without the supervision of the Court.

3

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Quinn, along with the need to promote "deterrence" and "protect the public," the Court agrees with Quinn that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Quinn's Motion (Doc. 46) is GRANTED. Christopher Anthony Quinn's term of supervised release is TERMINATED as of the date of this Order.

DATED this 21st day of October, 2024.

Dana L. Christensen, District Judge
United States District Court

4